UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RITCHIE BROS. AUCTIONEERS (AMERICA) INC., <br><br> Plaintiff, <br><br> v. <br><br> NAEM SUID, et al., <br><br> Defendants. | Case No. C17-1481-MAT <br><br><br> ORDER RE:  MOTION TO DISMISS |

## INTRODUCTION

Defendants Naem Suid (Naem), Mohammad Suid (Mohammad), and Suid Trucking, LLC (Suid Trucking) filed a Motion to Dismiss the Complaint filed by plaintiff Ritchie Bros. Auctioneers (America) Inc. ("Ritchie Bros."). (Dkt. 14.)  Defendants request oral argument and sanctions.  Plaintiff opposes the motion.  (Dkt. 18.)[1]  The Court, finding oral argument unnecessary, herein GRANTS in part and DENIES in part defendants' motion (Dkt. 14) for the reasons set forth below.

---

[1] As discussed below, Ritchie Bros. presents opposing arguments only as to Naem and Suid Trucking given Mohammad's pending bankruptcy proceeding and the resulting automatic stay.

ORDER RE: MOTION TO DISMISS - 1

Ritchie Bros. provides auction services for the sale of large equipment. On February 15, 2016, Naem and his son Mohammad participated as bidders in an auction held by Ritchie Bros. in Orlando, Florida. (*See* Dkt. 1.) Naem and Mohammad each signed a written Bidder Registration Agreement (Agreement(s)) stating:

> Bidder, whether acting as principal, agent, officer or director of a company or otherwise, in any capacity whatsoever, and the company he represents, both jointly and severally agree . . . to be responsible for the payment of the purchase price and taxes on all Purchases made using the Bidder Number regardless of whether it is in the Bidder's possession or not[.]

(*Id.*, ¶4.8 and Exs. A-B.) The Agreements state "[a]ny outstanding balance must be paid within seven (7) days of the completion of the auction." (*Id.*, Exs. A-B.) They provide for the resale of purchased items if the total purchase price is not paid within the prescribed time and payment by the bidders of any outstanding deficiencies following such resale. (*Id.*) The terms of the Agreements are governed by and interpreted under the laws of the State of Washington. (*Id.*)

Purchases at the auction made pursuant to bidder number 743, assigned to Naem, and to bidder number 4784, assigned to Mohammad, were valued at a total of $238,737.50 and $336,972.50 respectively. (*Id.*, ¶¶ 4.13-4.14, Exs. A-D.) Neither Naem, nor Mohammad tendered payment for the purchased equipment. On March 25, 2016, Ritchie Bros. sent letters to Naem and Mohammad requesting payment within seven days, and warning them Ritchie Bros. otherwise would resell the purchased equipment and pursue deficiencies owed after resale. (*Id.*, ¶4.18.) Again, neither individual tendered payment and, after resale, deficiencies of $53,342.50 (bidder # 743) and $116,862.50 (bidder # 4784) remained. (*Id.*, ¶4.19.) On September 29, 2017, Ritchie Bros. filed this suit, alleging breach of contract and action in debt for the principal amount of $170,205.00. (*Id.*, ¶¶ 5.1-5.11.)

Plaintiff alleges Naem placed his bids either personally or through Mohammad, and that Mohammad participated in the auction as an agent and on behalf of his company, Suid Trucking, without disclosing that fact when he signed the Agreement and placed bids. (*Id.*, ¶¶4.13-4.16.) Plaintiff alleges Naem's attorney, Stephen Stone, informed Ritchie Bros.' counsel, on July 28, 2017, that Mohammad participated in the auction on behalf of Suid Trucking. (*Id.*, ¶4.22.) Plaintiff avers defendants acted in concert as bidders at the auction and agreed to be responsible, jointly and severally, for the equipment purchased. (*Id.*, ¶¶4.17, 5.2)

Defendants deny plaintiff's allegations and move to dismiss claims against Suid Trucking for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), as to all defendants for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and as to Naem for insufficient service of process, pursuant to Rule 12(b)(5). Defendants also request Rule 11 sanctions.

<u>DISCUSSION</u>

A.    <u>Bankruptcy Stay</u>

In its opposition to the motion to dismiss, Ritchie Bros. advised the Court Mohammad filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Florida on October 10, 2017. *See In re Suid*, No. 17-06532-KSJ (M.D. Fla.).[2] Given the automatic stay imposed by 11 U.S.C. § 362(a), Ritchie Bros. refrained from addressing the motion to dismiss as related to Mohammad, while opposing the motion as to non-debtor defendants Naem and Suid Trucking in order to preserve its rights in this action. (Dkt. 18.) Counsel for plaintiff attests he informed the bankruptcy trustee and bankruptcy counsel as to this course of action, and was told there would be no opposition. (Dkt. 19.) Ritchie Bros. requests the opportunity to seek

---

[2] Plaintiff asserts it learned of the bankruptcy filing after serving Mohammad.

ORDER RE: MOTION TO DISMISS - 3

relief from the automatic stay in order to oppose the motion to dismiss as to Mohammad should the Court allow Mohammad to proceed with the motion.

Defendants had not filed a Notice of Bankruptcy Stay or advised the Court of the bankruptcy filing in their motion to dismiss. In their reply, defendants assert the automatic stay does not prevent the dismissal of claims against Naem or Suid Trucking, and maintain this matter should, in any event, be dismissed in its entirety against all defendants. (Dkt. 23-1.)[3]

Pursuant to 11 U.S.C. § 362(a)(1), a bankruptcy petition operates as an automatic stay, applicable to all entities, of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy proceeding, "or to recover a claim against the debtor that arose before" the bankruptcy proceeding commenced. There is no question that, pursuant to § 362(a)(1), the bankruptcy filing stays the continuation of judicial proceedings against Mohammad.

This Court can, in certain circumstances, dismiss an action against a defendant engaged in bankruptcy proceedings. Dismissal of an action against a debtor is "permissible so long as it is 'consistent with the purpose of the statute.'" *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (quoting *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (hereinafter "IUFA")). Section 362(a) serves two broad purposes: (1) it "provides debtors with protection against hungry creditors[,]" and (2) it "assures creditors

---

[3] Defendants request the Court's acceptance of a revised reply given objections from plaintiff that the original reply was over-length and contained a misrepresentation. (*See* Dkts. 22, 23, and 23-1.) The revised reply remains over-length and, as with the original, was not preceded or accompanied by a motion to file an over-length brief. *See* Local Civil Rule (LCR) 7(e)(3) and 7(f). Nonetheless, in the interest of considering all arguments and responses made by the parties, the Court accepts the filing of the revised, over-length reply brief. (Dkt. 23-1.)

that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets[.]" *Id*. at 755-56.

Courts have allowed for dismissal of a debtor defendant where there was no "continuation" of an action. For example, dismissal for failure to prosecute did not violate an automatic stay where the court "was not required 'to consider other issues presented by or related to the underlying case[,]'" and the dismissal could not harm the debtor defendant, did not intrude on the debtor's "'breathing space'", and did not threaten other creditors by giving preference to the plaintiff. *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) (quoting *Dean*, 72 F.3d at 756, and *IUFA*, 966 F.2d at 458-59). Dismissal of a debtor defendant violates a stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case." *Dean*, 72 F.3d at 756. "In other words, thinking about the issues violates the stay." *Id*. (dismissal violated automatic stay where it "required the court to decide whether the law-of-the-case precluded finding TWA liable to Dean."; "By contrast, in IUFA, the motion to dismiss had nothing to do with the issues arising out of IUFA's grievance. It merely asked the court to recognize that IUFA no longer wished to litigate.")

The parties in this case have not adequately addressed the impact of the automatic stay, either in relation to the motion currently before the court or to the proceedings as a whole. Defendants simply assert this matter should be dismissed in its entirety. Plaintiff has not yet responded to the motion to dismiss as it relates to Mohammad. Arguably, consideration of some of defendants' arguments in favor of dismissal could require consideration of issues presented by or related to the underlying case against Mohammad.

Given the inadequacy of the briefing and information as to the automatic stay, the Court herein addresses the motion to dismiss only as to defendants Naem and Suid Trucking, and denies

the motion as to defendant Mohammad in light of the automatic stay. For the reasons discussed below, the Court finds the claims against Suid Trucking properly dismissed without prejudice, but no basis for dismissing the claims against Naem. The Court further finds necessary input from the parties as to the impact of the bankruptcy stay on these proceedings subsequent to the ruling on the motion to dismiss. The parties shall provide that input in accordance with the deadline set forth below.

B.     Failure to State a Claim

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges factual allegations stating a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While detailed factual allegations are not necessary, a complaint must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. Dismissal is appropriate if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The Court accepts all facts alleged in the complaint as true, and draws all inferences in the light most favorable to the non-moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). The Court is not bound to accept the non-moving party's legal conclusions. *Iqbal*, 556 U.S. at 678. The ultimate question of whether a plaintiff's allegations have merit "can be explored in discovery and, if necessary, at trial." *Bridges v. Gilbert*, 557 F.3d

541, 552 (7th Cir. 2009).

As a general matter, the Court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Exceptions to this rule include material properly submitted as a part of the complaint, and documents not physically attached to the pleading if the contents are alleged in the complaint and no party questions the authenticity. *Id.* In addition, under Federal Rule of Evidence 201, a court may take judicial notice of "'matters of public record.'" *Id.* at 688-89 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Specifically, a court may take judicial notice of a fact "not subject to reasonable dispute" because the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Plaintiff alleges Mohammad participated in the auction "as an agent and on behalf of his company, Suid Trucking, without disclosing that fact when he signed the Agreement and placed his bids[.]" (Dkt. 1, ¶4.16.) Defendants contend plaintiff fails to state a claim against Suid Trucking because Suid Trucking was neither a party to the Agreements, nor a principal of any individual defendant allowing for liability under a theory of agency. Because they were executed by Naem and Mohammad individually, with no reference to Suid Trucking (*see id.*, Exs. A-B), it appears undisputed Suid Trucking was not a party to the Agreements. The Court, therefore, considers whether plaintiff states a claim against Suid Trucking under a theory of agency.

An agency relationship arises "'when two parties consent that one shall act under the control of the other.'" *Wash. Imaging Servs., LLC v. Wash. State Dep't of Revenue*, 171 Wn.2d 548, 563, 252 P.3d 885 (2011) (quoting *Rho Co. v. Dep't of Revenue*, 113 Wn. 2d 561, 570, 782 P.2d 986 (1989), and Restatement (Third) of Agency § 1.01 (2006) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an

'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.")). An agent's authority to bind a principal may be actual or apparent. *King v. Riveland*, 125 Wn.2d 500, 507, 886 P.2d 160 (1994); *Hoglund v. Meeks*, 139 Wn. App. 854, 866, 170 P.3d 37 (2007).[4] Both types of authority "depend upon objective manifestations made by the principal." *King*, 125 Wn.2d at 507. "With actual authority, the principal's objective manifestations are made to the agent; with apparent authority, they are made to a third person." *Id.* Manifestations of apparent authority must cause the third party to actually or subjectively believe the agent has the authority to act for the principal, and that belief must be objectively reasonable. *Id.* Ultimately, the party asserting agency bears the burden of proving the existence of the agency relationship. *Holst v. Fireside Realty, Inc.*, 89 Wn. App. 245, 255-56, 948 P.2d 858 (1997).

Suid Trucking is a Florida limited liability company (LLC). (Dkt. 1, ¶2.4.) The Florida Revised Limited Liability Company Act, §§ 605.0101 *et seq.*, Fla. Stat. (2016) (LLC Act) provides that authorized representatives may form an LLC "by signing and delivering articles of organization to the [Florida Department of State] for filing[,]" and an LLC is formed when "articles of organization become effective under s. 605.0207[.]" Fla. Stat. § 605.0201(1), (4). Pursuant to § 605.0207 of the LLC Act, a record filed with the department is effective "on the date and at the time the record is filed as evidenced by the department's endorsement of the date and time on the record."

Defendants provide the Articles of Incorporation for Suid Trucking with their motion to dismiss. (Dkt. 14-1, Ex. A.) The articles identify Mohammad, Naem, and Omar Suid as the

---

[4] "Actual authority may be express or implied. Implied authority is actual authority, circumstantially proved, which the principal is deemed to have actually intended the agent to possess." *King*, 125 Wn.2d at 507.

persons authorized to manage Suid Trucking, and reflect the incorporation date of March 17, 2016, a date falling a month after the February 15, 2016 Ritchie Bros. auction.[5] (*Id*.) As defendants suggest, Articles of Incorporation "fall directly into the category of items that the Ninth Circuit generally considers proper for judicial notice[,]" and may be considered without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Grassmueck v. Barnett*, 281 F. Supp.2d 1227, 1231-32 (W.D. Wash. 2003) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Defendants argue that, given the incorporation date, plaintiff's claims against Suid Trucking, under any possible theory of agency, are irreparably flawed and subject to dismissal. That is, because Suid Trucking did not exist at the time of the auction, neither Mohammad, nor Naem could have been acting as its agent. Plaintiff responds that the exact date of Suid Trucking's formation is an issue that should be resolved through discovery, and that the allegation of an agency relationship suffices to withstand the motion to dismiss.[6]

The existence of an agency relationship ordinarily presents a question of fact, properly considered by the trier of fact. *Pac. Can Co. v. Hewes*, 95 F.2d 42, 46 (9th Cir. 1938); *Unruh v. Cacchiotti*, 172 Wn.2d 98, 114, 257 P.3d 631 (2011). However, it does not follow that the mere allegation of an agency relationship suffices to withstand a Rule 12(b)(6) motion to dismiss. While the Court must take the allegations of material fact as true and in the light most favorable to plaintiff, it need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001),

---

[5] Initially, defendants inaccurately alleged a full year between the auction and the incorporation date. (*See* Dkt. 14 at 2; *but see* Dkts. 22 and 23-1 (correcting error).)

[6] Plaintiff further rejects any contention Naem and Mohammad could not be held liable in the absence of an agency relationship given that, at the time they incurred their debts, they had already formed a general partnership under Florida law. This argument does not, however, provide any basis for stating a claim against Suid Trucking.

*modified on other grounds*, as stated in 275 F.3d 1187 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

While "the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Kristensen v. Credit Payment Servs*., 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014) (citing similar conclusion in *Thornes v. IMB Lender Bus. Process Servs., Inc.*, No. C10-1716, 2011 U.S. Dist. LEXIS 15235 at *5 (W.D. Wash. Feb. 15, 2011) ("Because one of the elements of a conspiracy is an agreement to conspire, Plaintiffs must show some factual support to make it plausible that Defendants entered into the agreement."; concluding plaintiff failed to allege any acts or conduct by defendants suggesting conspiracy was plausible)). *Cf. Orsi v. Aetna Ins. Co.*, 41 Wash. App. 233, 239, 703 P.2d 1053 (1985) (while the existence of the agency relationship is ordinarily a question of fact, where "no facts are in dispute and the facts are susceptible of only one interpretation . . . the relationship becomes a question of law.") Where the facts alleged do not allow for such an inference, dismissal is appropriate. *In re Park W. Galleries, Inc.*, No. 09-2076, 2010 U.S. Dist. LEXIS 65197 at *27-28 (W.D. Wash. June 25, 2010) (granting motion to dismiss where plaintiff provided no allegations of fact that could support a finding an agency agreement existed (actual agency), or that an entity's "conduct or statements caused plaintiff to reasonably believe that an agency relationship existed (apparent agency).")

Plaintiff supports its allegation of an agency relationship between Mohammad and Suid Trucking with information obtained from Stone, Naem's attorney and the registered agent for Suid Trucking. (Dkt. 1, ¶¶4.16, 4.23.) Plaintiff alleges Stone informed plaintiff's counsel on July 28, 2017, more than a year-and-a-half after the auction, Mohammad participated in the auction "on

behalf of Suid Trucking." (*Id.*)  A July 28, 2017 e-mail from Stone to plaintiff's counsel states: "Apparently [Mohammad] became confused, and in certain cases as part of the equipment auction, utilized the [bidder] number utilized by [Naem] when bidding on certain equipment pieces.  The equipment was for his truck hauling business."  (Dkt. 21, Ex. A.)[7]  Plaintiff alleges its counsel sought payment through Stone on several occasions, asserting Naem and Mohammad acted in concert to make purchases for Suid Trucking.  (Dkt. 1, ¶4.23.)

The facts alleged by plaintiff provide support for a contention Mohammad bid on items intended for use in the operation of a trucking business.  However, Suid Trucking's March 17, 2016 Articles of Incorporation contradict any inference the LLC existed either at the time of the February 15, 2016 auction or at the time Mohammad failed to tender payment in accordance with the terms of the Agreement.  (*See id.*, Ex. B (requiring full payment within seven days of the auction's completion).)  Prior to its existence, Suid Trucking could not assent to an agency relationship or make or allow for the objective manifestations necessary to create an actual or apparent agency relationship.  *See generally Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83, 107, 285 P.3d 34 (2012) ("[A]gency requires a specific principal that is accountable for the acts of its agents.").[8]

---

[7] The email is not attached to the complaint, but the communications contained within are referenced in paragraph 4.22.  (Dkt. 1.)  While defendants take issue with the complaint's depiction of Stone's statement and any implications in relation to plaintiff's claims, they do not dispute the authenticity of the e-mail. Accordingly, the Court finds the July 28, 2017 e-mail incorporated by reference into the complaint.  *See Davis v. HSBC Bank Nevada. N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (documents are judicially noticeable under the "incorporation by reference" doctrine if their content is referenced in the complaint and their authenticity is not in dispute); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (doctrine of incorporation by reference extends to documents "not physically attached to the pleading").  The Court does not, however, consider the belatedly submitted Declaration of Stephen Stone (Dkt. 28), or any other materials beyond the complaint and not qualifying as an exception to materials properly considered in relation to a Rule 12(b)(6) motion.

[8] Also, plaintiff depicts Suid Trucking as an "undisclosed" principal at the time of the auction.  (*See* Dkt. 1, ¶4.16); and Restatement (Third) Of Agency § 1.04 ("A principal is undisclosed if, when an

Nor does there appear to be any other viable alternative claim as to Suid Trucking. Suid Trucking could not, for example, be said to have ratified the Agreement. *See, e.g.*, *Spokane Concrete v. U.S. Bank*, 126 Wash. 2d 269, 278, 892 P.2d 98 (1995) (a corporation may ratify a contract where it retains and uses the benefit obtained) (citing *Pierce v. Astoria Fish Factors, Inc.*, 31 Wn. App. 214, 218-19, 640 P.2d 40 (1982) ("If a corporation, with knowledge of the facts, accepts the benefit of an unauthorized transaction by one of its officers, or where it received or retains and uses money paid to it by the other party, it thereby ratifies the transaction, or will be estopped to deny ratification.")), and *Kraft v. Spencer Tucker Sales*, 39 Wn.2d 943, 953-54, 239 P.2d 563 (1952) ("Ratification presupposes a principal existing at the time of the agent's action[,]" and "[b]oth ratification and adoption [of a contract] presuppose that the acts ratified or adopted were performed by one who purported to act on account of another."; concluding a contract "was not capable of ratification or adoption by the corporation thereafter organized."); *accord* Restatement (Third) of Agency §§ 4.03, 4.04, and 6.04. Also, the allegation Mohammad acted on behalf of Suid Trucking "without disclosing that fact" precludes holding Mohammad liable as a promoter or promisor of the subsequently formed Suid Trucking, LLC. *See, e.g., White v. Dvorak*, 78 Wash. App. 105, 112-14, 896 P.2d 85 (1995) ("When a person enters into a contract in the name of a corporation, and the corporation is subsequently formed, both the individual and the corporation are party promisors to the contract unless the other party knew of the nonexistence and

---

agent and a third party interact, the third party has no notice that the agent is acting for a principal."). As an undisclosed principal, Suid Trucking could be held liable only with a showing Mohammad acted with actual authority and Suid Trucking was not excluded by the contract. Restatement (Third) of Agency § 6.03 (unless excluded by the contract, the undisclosed principal is a party to the contract, the agent and the third party are parties to the contract, and the principal and the third party have the same rights, liabilities, and defenses against each other as if the principal made the contract personally); *id.* cmt. (c) ("An agent does not act with apparent authority with regard to an undisclosed principal because the principal has made no manifestation requisite for apparent authority.")

agreed to look solely to the corporation."; "An enforceable contract can exist only if the person purporting to act as a corporation is a party to the contract because the corporation lacks existence and cannot be bound.").

Plaintiff fails to plead facts allowing for an inference an agency relationship existed at the time Mohammad entered into the Agreement, and its claim against Suid Trucking is properly dismissed. Plaintiff, however, asserts other evidence could support an earlier date of incorporation, and request the opportunity to be heard on "countervailing evidence" omitted from defendants' motion. (Dkt. 18 at 4, n.4.) The Court therefore exercises its discretion to dismiss Suid Trucking without prejudice to the submission of an amended pleading. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1108 (9th Cir. 2003) (dismissals under Rule 12(b)(6) "should ordinarily be without prejudice"); *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (on a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

C.      Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), the Court has subject matter jurisdiction over this case so long as there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). In seeking dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), defendants aver plaintiff fails to meet either the amount in controversy or total diversity requirements. Plaintiff, as the party asserting jurisdiction, bears the burden of proving all jurisdictional facts. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). If determining at any time it lacks subject matter jurisdiction, the court must dismiss the action. Fed R. Civ. P. 12(h)(3).

1.     Diversity of citizenship:

For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business, or "nerve center," is the place where the corporation's high level officers direct, control, and coordinate its activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

The complaint identifies Naem and Mohammad as maintaining current addresses in Florida, and Ritchie Bros. as a Washington State corporation, with corporate offices in Lincoln Nebraska.  (Dkt. 1, ¶¶1, 2.2-2.3.)  It avers complete diversity of citizenship between the opposing parties.  (*Id.*, ¶3.1.)  Defendants state Ritchie Bros. is a wholly owned subsidiary of a Canadian corporation and "does very substantial business in the State of Florida."  (Dkt. 14 at 11.)[9]  They contend Ritchie Bros. is a citizen of Canada, Nebraska, and Florida, and that its Florida citizenship precludes a finding of complete diversity.

Plaintiff sufficiently identified its state of incorporation and the state containing its corporate offices for purposes of establishing diversity jurisdiction.  *See Harris v. Rand*, 682 F.3d 846, 850-51 (9th Cir. 2012) ("*Hertz* provided a uniform test for courts to apply when determining the principal place of business for federal diversity jurisdiction purposes[,]" and did not require a complaint "plead that a corporate party's 'nerve center' is located in a particular place.")  Neither the Canadian location of Ritchie Bros.' parent company, nor the fact Ritchie Bros. conducts business in Florida undermines the allegation of total diversity.  In fact, documents provided by

---

[9] Defendants request the Court take judicial notice of corporate registration documents and annual reports for Ritchie Bros.  (*See* Dkt. 14 at 16 and Exs. B-C.)  As defendants also observe, the Court "is not restricted to the face of the pleadings[]" in considering a Rule 12(b)(1) motion to dismiss, and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

defendants show that, while authorized to conduct business in Florida, Ritchie Bros. maintains its "Current Principal Place of Business" in Lincoln, Nebraska. (Dkt. 14, Exs. B-C.) *Cf. Harris*, 682 F.3d at 651-52 (a court may require a more specific pleading where an allegation as to the principal place of business is "implausible" or may require more information or proof where doubts as to diversity exist; concluding district court erred in dismissing an amended complaint without prejudice, thereby precluding the filing of a further amended complaint). Plaintiff satisfies the total diversity requirement for subject matter jurisdiction.[10]

### 2. Amount in controversy:

In considering the amount in controversy, the Court first looks to the face of the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938)). "'To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102 (9th Cir. 2010) (quoting *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)). Under this "'legal certainty'" standard, the court has subject matter jurisdiction over the dispute "unless 'upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'" *Id.* (quoting *St. Paul Mercury Indemnity Co.*, 303 U.S. at 292). This standard makes it "very difficult" to secure

---

[10] The citizenship of an LLC is determined by examining the citizenship of the owners/members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Plaintiff failed to correctly identify the authorized members of Suid Trucking in the complaint. (*Compare* Dkt. 1 (identifying Mohammad and Natasha Suid as authorized members), *with* Dkt. 14, Ex. A at 2 (identifying Mohammad, Omar, and Naem Suid as authorized members).) Should plaintiff seek to file an amended complaint naming Suid Trucking as a defendant, it must correctly identify and allege the citizenship of each owner/member of the LLC.

dismissal of a case for apparent failure to satisfy the amount in controversy requirement:

> "Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction."

*Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (quoting *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (quoted source omitted)).

With respect to the remaining, individual defendants, the Complaint identifies amounts of $53,342.50 and $116,862.50 in relation to the two bidder account numbers, and a total amount in controversy of $170,205.00. (Dkt. 1, ¶4.20.) Plaintiff alleges defendants acted in concert at the auction, with Naem's bids made either personally or through Mohammad, and that defendants are jointly and severally liable for the total combined debt of $170,205.00. (*Id.*, ¶¶4.17, 4.20, 4.23, 5.2-5.10.) Plaintiff also, in response to the motion to dismiss, argues Naem and Mohammad had formed a general partnership under Florida law at the time they placed their bids.

Defendants aver the causes of action against the individual defendants stem from two wholly independent contracts and give rise to discrete, unrelated claims. They deny any basis for aggregating the discrete claims and assert that, with damages totaling only $53,342.50, plaintiff does not meet the amount in controversy requirement as to Naem. Defendants argue plaintiff fails to meet the legal certainty standard. They contend a lack of good faith is evidenced in the concocting of a claim against Suid Trucking knowing that diversity jurisdiction would not otherwise obtain as to Naem, and in the belated assertion of a partnership as an improper end-run argument to obtain jurisdiction. Defendants note plaintiff did not plead a partnership in the complaint and deny any basis or support for such a claim. (*See* Dkt. 23-1 at 9-11.)

Unrelated claims against separate defendants may not be aggregated to reach the amount

in controversy requirement. *See Libby, McNeill & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978). "The tests for aggregating claims of one plaintiff against claims of multiple defendants and of multiple plaintiffs against one defendant are 'essentially the same: . . . the plaintiff's claims against the defendants must be common and undivided so that the defendants' liability is joint and not several.'" *Id.* (quoting *United States v. So. Pac. Transp. Co.*, 543 F.2d 676, 683 n. 9 (9th Cir. 1976)). *See also Middle Tenn. News Co. v. Chamel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) ("In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant."); *Alberty v. Western Sur. Co.*, 249 F.2d 537, 538 (10th Cir. 1957) ("[W]here a single plaintiff has multiple claims … against two or more defendants jointly, and the claims are of such character that they may properly be joined in one suit, the aggregate amount thereof is for the purpose of federal jurisdiction the amount in controversy.")

Again, plaintiff alleges defendants acted in concert at the auction and are jointly and severally liable in incurring a combined debt of $170,205.00. Looking to the face of the complaint, the Court finds plaintiff's claims common and undivided and the amount in controversy requirement satisfied. *See, e.g., Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F. Supp. 1024, 1028 (D. Nev. 1996) ("Winner's alleges a fraud / conversion claim against both AMI and L & H, acting in concert, so that Winner's claim against AMI and L & H is common and undivided.")

The Court finds no basis for concluding the allegations in the complaint were not made in good faith. It is true that, in the absence of some contradictory evidence from or viable alternative

claim by plaintiff, the Articles of Incorporation preclude the inclusion of Suid Trucking as a

defendant under a theory of agency.  However, the complaint and the evidence referenced therein

provide a reasonable explanation as to why plaintiff named Suid Trucking as a party.  Nor is the

Court persuaded plaintiff's partnership argument serves as an independent fact showing damages

claimed merely to obtain federal court jurisdiction, or that an analysis as to the potential merit of

such a claim is warranted at this juncture.  At best, the introduction of this argument could warrant

an opportunity to amend.  As it stands, it does not appear to a legal certainty or obvious from the

face of the complaint that the amount in controversy falls below that required to establish

jurisdiction in this Court.  *See Naffe*, 789 F.3d at 1040 ("It is true that some cases warrant a more

thorough inquiry into the facts underpinning jurisdiction than the legal certainty test permits. For

example, where a party seeks to remove a case from state to federal court under 28 U.S.C. § 1441,

the proponent of removal bears the burden of establishing federal jurisdiction by a preponderance

of the evidence.  But that more searching inquiry is inapplicable where, as here, the plaintiff files

suit originally in federal court, the case raises traditional state tort claims, and the complaint

affirmatively alleges that the amount in controversy exceeds the jurisdictional threshold. In such a

case, the legal certainty test applies, and the district court must accept the amount in controversy

claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less.")

(internal and other case citations omitted).

D.    Insufficient Service of Process

    Federal Rule of Civil Procedure 4(e) provides for service on an individual by "following

state law for serving a summons in an action brought in courts of general jurisdiction in the state

where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).  Defendants

state that Florida law provides for service on a person or at the person's usual place of abode with

a resident therein. Fla. Stat. § 48.031(1)(a). They argue plaintiff failed to meet the requirements for service as to Naem and seek his dismissal from this case for insufficient service of process pursuant to Rule 12(b)(5).[11]

Once challenged, a plaintiff bears the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A plaintiff meets the prima facie burden by producing the process server's affidavit of service. *Dimaio v. Cty. of Snohomish*, No. 17-0128, 2017 U.S. Dist. LEXIS 121698 at *4 (W.D. Wash. Aug. 1, 2017) (cited case omitted). Barring some defect shown on the face of the return, dismissal under Rule 12(b)(5) requires the production by defendant of affidavits, discovery materials, or other admissible evidence establishing the absence of valid service. *Id*. The burden then shifts back to plaintiff to present evidence showing proper service or creating an issue of fact necessitating resolution through an evidentiary hearing. *Id*. at *5.

The evidence shows plaintiff unsuccessfully attempted to serve Naem at two different locations in which he was known or thought to maintain a personal residence and/or receive mail. (*See* Dkt. 20, ¶¶3, 5-7, 9 and Exs. A-B.) Plaintiff contends it nonetheless properly completed substitute service on Naem pursuant to Fla. Stat. § 48.031(2)(b), which allows for service on "an individual doing business as a sole proprietorship at his or her place of business, during regular

---

[11] Defendants observe that this argument is also grounded in a lack of personal jurisdiction, assert Rule 12(b)(2) applies as a basis for dismissal for the same reasons asserted in relation to Rule 12(b)(5), and note their intention to preserve this defense for purposes of Rule 12(g). A federal court cannot exercise jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance with Rule 4, "'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id*. (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987)). Plaintiff bears the burden to establish the court's personal jurisdiction over a defendant. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The Court herein directs its analysis to the Rule 12(b)(5) motion and arguments contained in the parties' briefing. The Court also finds no need to address various alternative suggestions and requests set forth in defendants' briefing. (*See, e.g.*, Dkt. 14, nn. 2, 4.)

business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner have been made at the place of business." That is, Naem operates a business named "34th Street Crossing Shopping Center LLC," located at 2900 34th Street South, St. Petersburg, Florida 33711, of which he is the sole member, and the process server left the summons and complaint with Omar Suid, the person in charge of a furniture store located at 2906 34th Street South in St. Petersburg. (Dkt. 20, Exs. A-C.) Plaintiff also contends that, in the event Naem is found to be a nonresident who engages in business at that Florida location, service was properly effected pursuant to Fla. Stat. § 48.071. (*See id.*, ¶11 and Exs. C-D.) That provision allows for service on agents of nonresidents (someone "not residing or having a principal place of business" in the state) engaging in business in the state, through service "on the person who is in charge of any business" in which the defendant is engaged, and by mailing a copy of the process and notice of service to the nonresident. Fla. Stat. § 48.071. Plaintiff alternatively requests leave to use Florida's last-resort provision for service on nonresidents who do business in Florida while concealing their whereabouts. Fla. Stat. § 48.181.

Defendants deny the sufficiency of service. They note, for example, that Naem's shopping center business is a registered LLC, not a sole proprietorship, and that service was attempted on a person at a furniture store tenant located within the shopping complex (at 290<u>6</u> 34th St.), not at the shopping center itself (at 290<u>0</u> 34th St.) or on a person in charge of the shopping center business. (Dkt. 20, Exs. A-C.) Defendants also reject the applicability of the provisions allowing for service on nonresidents, stating it is both alleged by plaintiff and undisputed that Naem is a resident of Florida, and asserting that, even if he was not a Florida resident, the service on and mailing to a business in which he is not engaged would not suffice.

Defendants appear to demonstrate inadequate service on Naem under Fla. Stat. §

48.031(2)(b). Also, in the absence of additional information regarding Naem's residence, it is not clear whether service could be effected pursuant to §§ 48.071 or 48.181. The Court does not, however, find dismissal of the claims against Naem warranted.

Rule 4 is appropriately afforded a "liberal and flexible construction." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). *Accord Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988); *FCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to strictly comply with service requirements does not warrant dismissal if: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka*, 739 F.2d at 447.

The Court has broad discretion to either dismiss a complaint or quash an attempted service of process. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Bank Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). Where service may yet be accomplished and there is no unfair prejudice to the defendant, a court should quash service, rather than dismiss the action, and permit the plaintiff to effect proper service. *Wick Towing, Inc. v. Northland*, No. C15-1864, 2016 U.S. Dist. LEXIS 80802 at *6 (W.D. Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

In addition, although requiring service within ninety days after the filing of a complaint, Rule 4(m) "contemplates the possibility of an extension of time." *S.J.*, 470 F.3d at 1293. *See also* Fed. R. Civ. P. 4(m). A court must extend Rule 4(m)'s ninety-day time period if the plaintiff shows good cause for failure to timely serve a defendant and, even without good cause, a court has broad discretion to extend the time for service. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir.

2007); Fed. R. Civ. P. 4(m).  In exercising its discretion, the court may consider factors such as the length of delay in proper service, actual notice of the lawsuit, prejudice to the defendant, and the statute of limitations.  *Efaw*, 473 F.3d at 1040-41.

Having now considered the facts as related to the attempted service and other relevant factors, the Court finds dismissal would not be appropriate and that additional time to effect service on Naem is warranted.  There is actual notice of the lawsuit, the delay in service is relatively minimal, defendants do not demonstrate undue prejudice, and it is apparent plaintiff would be prejudiced by dismissal.  Plaintiff's failure to effect proper service is justifiable in light of the lack of clarity as to Naem's location, place of residence, and business endeavors.  There is, at the same time, a reasonable prospect plaintiff could obtain additional information and effect proper service if afforded the opportunity.  The Court, therefore, rejects the request to dismiss for insufficient service of process, quashes the attempted service, and grants plaintiff an additional ninety days to serve Naem.

E.      Rule 11 Sanctions

Local Civil Rule (LCR) 11 provides for costs and sanctions where an attorney or party "without just cause" fails to comply with procedural rules or a court order, presents unnecessary motions or unwarranted oppositions to motions, or "fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case[.]"  LCR 11(c).  Defendants seek sanctions for the commencement of this action against Suid Trucking "when a modicum of due diligence would have revealed" no cause of action could stand, and because of the expenses incurred in filing the motion under consideration.  (Dkt. 14 at 13.)  They specifically request payment of the costs and reasonable attorneys' fees associated with their motion.

As plaintiff observes, defendants did not comply with the requirements to file a motion for

sanctions separately from any other motion and to allow twenty-one days after service on another party before filing with the Court. Fed. R. Civ. P. 11(c)(2). Plaintiff also submitted a surreply asserting misrepresentations in defendants' reply and praecipe accompanying a revised reply. (Dkts. 22, 23, 23-1, and 26.) While declining to delve into the accusations as to representations made, the Court has no difficulty in concluding sanctions are not warranted. As indicated above, the Court finds a reasonable explanation for the naming of Suid Trucking as a defendant, and does not exclude the possibility Suid Trucking could be properly named as a defendant in an amended complaint. The circumstances do not support the imposition of Rule 11 sanctions.

CONCLUSION

Defendants' motion to dismiss (Dkt. 14) is DENIED as to Mohammad in light of the automatic stay and, as to Naem and Suid Trucking, is GRANTED in part and DENIED in part. The Rule 12(b)(6) motion is GRANTED and plaintiff's claims against Suid Trucking are DISMISSED without prejudice to submission of an amended pleading. The Rule 12(b)(1) and Rule 12(b)(5) motions are DENIED, but the attempted service on Naem is quashed and plaintiff is granted an additional **ninety (90) days** to effect service. The request for sanctions is DENIED.

The Court further directs the parties to meet and confer and to provide input to the Court as to the status of these proceedings in light of the automatic stay. Any submission with regard to the stay should not exceed **ten (10) pages** in length and must be filed on or before **February 23, 2018**. The Clerk is directed to send a copy of this Order to the parties.

DATED this 6th day of February, 2018.

Mary Alice Theiler
United States Magistrate Judge