UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RITCHIE BROS. AUCTIONEERS (AMERICA) INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NAEM SUID, et al.,<br><br>　　　　　　　　Defendants. | Case No. C17-1481-MAT<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

INTRODUCTION

Plaintiff Ritchie Bros. Auctioneers (America) Inc. ("Ritchie Bros.") filed a Motion for Leave to Amend Complaint. (Dkt. 41.) In the proposed First Amended Complaint, Ritchie Bros. names Naem Suid ("Naem") as a defendant, but does not seek to recover any amounts from Naem's son, Mohammad Suid ("Mohammad"), personally in light of Mohammad's bankruptcy discharge. (*See* Dkt. 41-1.) Ritchie Bros. also names the Naem Suid – Mohammad Suid Partnership ("Partnership") as a defendant, and describes the proposed amendments as providing a more complete picture of the parties' course of dealings and the Partnership. Ritchie Bros. avers defendants are jointly and several liable for debts owed, and also liable as joint tortfeasors.

ORDER RE: MOTION TO AMEND - 1

Defendants oppose the motion and request oral argument. (Dkt. 42.) The Court, finding oral argument unnecessary, herein GRANTS Ritchie Bros.' motion to file an amendment complaint.

## BACKGROUND

Naem and Mohammad participated in a live auction conducted by Ritchie Bros. in Orlando, Florida on February 15, 2016. (*See* Dkts. 1 & 41-1.) Naem and Mohammad entered into bidder agreements and, under two different bidder numbers, incurred a total debt of $575,710.00 in the purchase of heavy equipment at the auction. As set forth in the proposed amended complaint, Naem and Mohammad also participated in an auction of real estate conducted by Concierge Auctions LLC ("Concierge") at the same auction site and in conjunction with Ritchie Bros. (Dkt. 41-1, ¶ 4.18.) Neither Naem, nor Mohammad tendered payment for their purchases at the auctions.

The proposed amended complaint avers that, on or about March 16, 2016, counsel for Concierge sent a demand letter to Stephen Stone, Naem's attorney, seeking payment for the real estate purchases. (*Id.*, ¶ 4.20.) On the following day, March 17, 2016, Stone filed Electronic Articles of Organization for Suid Trucking, LLC ("Suid Trucking"), naming Naem, Mohammad, and Omar Suid as members. (*Id.*, ¶ 4.21.) Ritchie Bros. also sent letters to Naem and Mohammad requesting payment. (*See* Dkts. 1 & 41-1.) Again, neither individual tendered payment. Ritchie Bros. thereafter exercised its right to resell the purchased equipment, leaving a total debt in the principal amount of $170,205.00. In a July 28, 2017 email directed to Ritchie Bros.' counsel, Stone stated Mohammad "became confused" at the auction and utilized Naem's bidder number to purchase equipment "for his truck hauling business." (Dkt. 21, Ex. A; Dkt. 41-1, Ex. F.)

Ritchie Bros. filed suit against Naem, Mohammad, and Suid Trucking in September 2017, alleging breach of contract and action in debt. (Dkt. 1.) The complaint alleged Naem placed his bids at the auction either personally or through Mohammad, that Mohammad participated in the

auction as an agent on behalf of Suid Trucking, and that defendants acted in concert as bidders at the auction and agreed to be responsible, jointly and severally, for the equipment purchased. (*Id*., ¶¶ 4.13, 4.16, 4.17, 5.2)

In February 2018, the Court issued an Order granting in part and denying in part defendants' motion to dismiss. (Dkt. 32.) In its opposition to the motion, Ritchie Bros. informed the Court of its discovery Mohammad had filed a voluntary petition for bankruptcy on October 10, 2017. Given the inadequacy of the briefing and information offered, the Court denied the motion to dismiss as to Mohammad and requested input from the parties as to the impact of the automatic bankruptcy stay. Considering the fact Suid Trucking's March 17, 2016 Articles of Incorporation contradicted any inference the LLC existed either at the time of the auction or at the time payment became due, the Court granted the motion and dismissed plaintiff's claims as to Suid Trucking. The dismissal was without prejudice to the submission of an amended pleading offering evidence that could support an earlier date of incorporation. The Court also denied the motion to dismiss all defendants for lack of subject matter jurisdiction and to dismiss Naem for insufficient service of process, while quashing an attempted service and granting Ritchie Bros. additional time to effect service on Naem. Relevant to the motion currently under consideration, the Court noted Ritchie Bros.' argument that Naem and Mohammad had formed a general partnership under Florida law at the time they placed their bids, and observed that the introduction of this argument could warrant an opportunity to amend.

## DISCUSSION

In the proposed first amended complaint, Ritchie Bros. avers Naem and Mohammad, at the time of the auction, acted as business partners who were deemed to have been in a general partnership under Florida law. (Dkt. 41.1 at ¶ 2.3.) Ritchie Bros. alternatively maintains

Mohammad acted as Naem's agent for all relevant purposes at issue in this dispute. (*Id*., ¶ 2.2.) Richie Bros. avers defendants acted in concert to make purchases at the auction, that Naem and Mohammad acted as agents for the Partnership and Mohammad also acted as an agent for Naem, and that defendants are jointly and severally liable for amounts owing. (*Id*., ¶¶ 5.2-5.11.) Ritchie Bros. also avers defendants lacked the intention to comply with the terms of the bidder agreements and, by sharing bidder numbers and acting as agents for one another, acted in concert to intentionally and negligently make misrepresentations regarding their intention to be responsible, jointly and severally, for the items purchased at auction. (*Id*., ¶ 5.12-5.39.) Ritchie Bros. does not seek recovery from Mohammad personally and, instead, seeks to recover from Naem, either because of his partnership with Mohammad or because Mohammad was Naem's agent, and because Naem acted in concert with Mohammad to misrepresent facts to Ritchie Bros.

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend serves the purpose of Rule 15 to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (internal quotation marks and quoted case omitted). The rule should, therefore, be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts also frequently consider whether a party previously amended its complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The parties here dispute whether these factors argue in favor or against granting plaintiff's motion to

amend. Ritchie Bros. also requests that the Court strike defendants' over-length opposition. The Court, for the reasons set forth below, will consider defendants' opposition, but finds no basis for denying plaintiff the opportunity to amend.

A.   <u>Over-Length Opposition</u>

Defendants filed an opposition exceeding the applicable twelve-page limitation, without seeking leave of the Court. Local Civil Rule (LCR) 7(e)(4), (f), (g). Plaintiff asks the Court to strike the opposition in its entirety. This is not the first instance in which defendants filed over-length briefing. (*See* Dkt. 32 at 4, n.3 (noting an original and revised reply were both over-length and submitted without a motion to file an over-length brief).) Given its interest in considering both sides of the dispute, the Court will again accept the approximately one-page over-length brief. *See* LCR 7(e)(6) ("Captions, tables of contents, tables of authorities, signature blocks, and certificates of service need not be included within the page limit.") However, defendants are advised any future briefing submitted to the Court in excess of the applicable page limitation, and without Court approval, will not be considered.

B.   <u>Prior Amendment and Undue Delay</u>

Plaintiff herein presents its first request to file an amended complaint. Plaintiff requested this opportunity to amend less than six months after filing its original complaint and just six weeks after the Court issued its Order denying defendants' motion to dismiss and indicating an opportunity to amend may be appropriate. During those six weeks, the parties provided briefing requested by the Court, twice stipulated to extension of case deadlines, and Ritchie Bros. advised the Court and defendants of its intention to file an amended complaint. (*See* Dkts. 33-40.) There was, in short, no undue delay in the request to file a first amended complaint.

/ / /

C. <u>Bad Faith or Dilatory Motive</u>

Bad faith, considered in the context of a motion to amend, "means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). As defined in other contexts, "'bad faith' means more than acting with bad judgment or negligence, but 'rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity. . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Id.* (quoting *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003)).

Defendants assert plaintiff's bad faith and give, as an example, the failure to withdraw the complaint against Mohammad despite his discharge in bankruptcy. Defendants also maintain the inclusion of dilatory allegations not germane to any claims asserted. They specifically cite to amendments discussing Mohammad's certification in the bankruptcy proceedings that his debts were not primarily consumer debts, and that he did not own a business or have ownership interests in any business enterprises, including any sole proprietorship, limited liability company (LLC), or limited liability partnership, during the preceding four years. (Dkt. 41-1, ¶ 4.31 and Ex. G.)

There is no evidence plaintiff acted with the intent to deceive, harass, mislead, delay, or disrupt, or with any dilatory motive. Plaintiff named Mohammad as a defendant before Mohammad filed for bankruptcy and it was plaintiff, not defendants, who ultimately advised the Court as to the existence of the bankruptcy filing and stay. Plaintiff now seeks to file an amended complaint that does not name Mohammad as a defendant and clarifies plaintiff does not seek to recover any unpaid debts from Mohammad personally in light of his bankruptcy discharge. (Dkt. 41-1 at 1-4 & n.1.) The information contained in Mohammad's bankruptcy filing is pertinent to plaintiff's contentions of contradictory statements and arguments as to the responsibility for debts

owed, and the existence of a business or business relationship involving Naem and Mohammad during the events at issue. (*See, e.g.*, Dkt. 41 at 7-8.) The proposed amendments are, moreover, fully consistent with the Court's rulings and observations in the Order addressing defendants' motion to dismiss. The Court finds no bad faith or dilatory motive.

D.   <u>Undue Prejudice to Opposing Party</u>

Undue prejudice to an opposing party carries the "greatest weight" in the consideration of a motion to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (cited and quoted cases omitted). Prejudice may arise from the introduction of new allegations requiring additional discovery or delay, *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006), or "'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Wizards of the Coast LLC*, 309 F.R.D. at 651 (quoted cases omitted). The non-moving party bears the burden of demonstrating prejudice and must do more than merely assert prejudice, it must show unfair disadvantage or deprivation of the opportunity to present facts or evidence that could have been offered with timely amendments. *Id.*

This case remains at an early stage in the proceedings. The parties have repeatedly stipulated to extension of the initial case deadlines and have not commenced discovery. (*See* Dkts. 15, 24, 30, 35, 39.) Even now, it remains unclear where Naem is domiciled or whether he has been served with the complaint. (*See* Dkt. 41-1, ¶ 4.33; and *compare* Dkt. 22 at 5, *with* Dkt. 41-1, Ex. H.) The timing of the proposed amended complaint would not unduly prejudice defendants. *See, e,g., DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987) ("Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that [the defendant] would be prejudiced by the timing of the

proposed amendment.")

Nor would the inclusion of the partnership allegation or any other additions or alterations in the first amended complaint unfairly disadvantage defendants or deprive them of the opportunity to present a complete response. In the original complaint, plaintiff alleged Naem and Mohammad acted in concert in making bids at the auction and were jointly and severally liable for their debts owed. (Dkt. 1, ¶¶ 4.17, 5.2.) Plaintiff proffered the partnership theory not long after filing the original complaint and in response to defendants' motion to dismiss and the Court's Order addressing that motion. The additional detail included in the amended complaint, rather than burdening defendants, provides for a better understanding of all of the claims advanced. Defendants do not, therefore, meet their burden of demonstrating undue prejudice. *Cf. Morongo Band of Mission Indians*, 893 F.2d at 1079 ("The new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour [(nearly two years after filing)], an entirely new course of defense.").

E.  Futility

A proposed amendment may be denied where "'it would be futile in saving the plaintiff's suit.'" *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoted case omitted). As such, the general rule allowing amendment of pleadings "does not extend to cases in which any amendment would be an exercise in futility, . . . or where the amended complaint would also be subject to dismissal[.]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (cited cases omitted).

Defendants assert futility through plaintiff's attempt to amend with claims contradictory to those raised in the original suit. *See, e.g., United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional

allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.") (quoted case omitted). They contend plaintiff now alleges Naem and Mohammad acted as partners, while previously alleging they acted and were responsible independently in relation to their bidder registration agreements and debts.

Defendants' argument lacks merit. Again, plaintiff alleged in the original complaint that Naem and Mohammad acted in concert as bidders at the auction and were jointly and severally liable. In opposing defendants' motion to dismiss, plaintiff argued Naem and Mohammad had formed a general partnership under Florida law at the time they placed their bids. Plaintiff properly seeks to amend its pleading to conform to the parties' arguments and the Court's ruling on the motion to dismiss. *See, e.g., Desertrain v. City of L.A.*, 754 F.3d 1147, 1154-55 (9th Cir. 2014) (district court erred in failing to construe argument raised at summary judgment as a motion to amend and abused its discretion in failing to amend the complaint to conform to the evidence and argument and in not considering the claim on the merits).

Defendants assert plaintiff's inability to establish the existence of a partnership under any set of facts. They further argue that, even if a partnership were presumed to exist, the principals of agency would govern liability and plaintiff would not succeed in establishing an agency relationship between Naem and/or Mohammad and/or the Partnership for the same reasons the Court previously relied upon in disposing of plaintiff's claims with respect to Suid Trucking. (*See* Dkt. 42 at 8-12.) They provide declarations from Naem and Mohammad refuting the existence of a partnership or agency relationship. (*Id*. at 16-17.)

The Court is not persuaded the amendment of the pleading with allegations of a partnership would be an exercise in futility. Naem and Mohammad purchased a considerable amount of heavy equipment at auction, equipment typically used in a commercial enterprise and not reasonably

ORDER RE: MOTION TO AMEND - 9

considered as intended for personal or household use. (Dkt. 41-1, Ex. C (invoice for purchase of 5 wheel loaders, a portable generator set, 3 mechanics trucks, 1 utility truck, and 2 hydraulic excavators) and Ex. D (invoice for purchase of 6 scissor lifts, 12 personnel lifts, and 4 dump trucks).) According to the amended pleading, they proceeded to register an LCC on the day after they were first pursued for debts incurred at auction. (*Id*., ¶¶ 4.20-4.21.) Plaintiff was subsequently advised Mohammad had utilized the bidding number assigned to Naem to purchase equipment for his "trucking business," a business that was not, at the time of the auction, registered as an LLC. (*Id*., ¶ 4.26.) These and other facts and allegations raise questions regarding the existence and nature of a business relationship between Naem and Mohammad at the time of the auction.

Defendants also assert the futility of plaintiff's tort claims. They argue the "independent duty doctrine" bars a claim of misrepresentation relating to the breaching party's performance of a contract. *See Eastwood v. Horse Harbor Found*., Inc., 170 Wn.2d 380, 389, 241 P.3d 1256 (Wash. 2010) (under the doctrine, "[a]n injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract."; "When no independent tort duty exists, tort does not provide a remedy."), and *Wadlington v. Cont'l Med. Servs., Inc.*, 728 So. 2d 352, 353 (Fla. Dist. Ct. App. 1999) ("'misrepresentations relating to the breaching party's performance of a contract do not give rise to an independent cause of action in tort, because such misrepresentations are interwoven and indistinct from the heart of the contractual agreement.'") (quoted case omitted). Defendants also contend plaintiff fails to allege a false representation as to a "presently existing fact," which is a "prerequisite to a misrepresentation claim." *Donald B. Murphy Contractors v. King Cty.*, 112 Wash. App. 192, 197-98, 49 P.3d 912 (2002). They argue plaintiff seeks to plead only a promise of future conduct – contractual acceptance – by signing the agreements. (*See* Dkt. 41-1, ¶¶ 5.13, 5.27 (defendants falsely represented they "intended to be

bound" by the agreements) and ¶¶ 5.14, 5.28 (defendants made such representations both by signing the agreements and by using their bidder registration numbers).)

Defendants do not, however, adequately address applicable state law. As plaintiff observes, neither Washington, nor Florida law[1] bars misrepresentation claims that are "independent of the contract," such as "a misrepresentation which induces the party to enter into the contract." *Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs.*, 974 So. 2d 1176, 1181-82 (Fla. Dist. Ct. App. 2008); *accord Donatelli v. D.R. Strong Consulting Eng'rs, Inc.*, 179 Wash. 2d 84, 96, 312 P.3d 620 (2013) (the independent duty doctrine did not bar a claim for negligent misrepresentation "because the duty to avoid misrepresentations that induce a party to enter into a contract arises independently of the contract.") *See also Superwood Co. v. Slam Brands, Inc.*, No. C12-1109-JLR, 2013 U.S. Dist. LEXIS 116239 at *15-16 (W.D. Wash. Aug. 15, 2013) ("The Washington Supreme court has already said that the independent duty doctrine does not, as a general matter, bar claims for negligent misrepresentation, *Eastwood*, 241 P.3d at 1261, or for fraud, [*Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wash. 2d 157, 165-66, 273 P.3d 965 (2012)]);[2] *Wadlington*, 728 So. 2d at 353 (claims of fraud in the inducement and negligent misrepresentation independent of the breach of contract are not barred). Plaintiff here alleges defendants misrepresented their intentions to induce Ritchie Bros. to allow them to participate at the auction.

---

[1] While citing both Washington and Florida law, the parties appear to agree Washington law applies to the state law claims. (*See* Dkt. 42 at 12, n.8 and Dkt. 43 at 5, n.5.)

[2] In Washington, the independent duty doctrine is limited to a "narrow class of cases, primarily . . . claims arising out of construction on real property and real property sales[,]" has been applied "'based upon policy considerations unique to those industries[,]'" and has never been applied "'as a rule of general application outside of these limited circumstances.'" *Elcon Constr., Inc.*, 174 Wash. 2d at 165-66 (quoting *Eastwood*, 170 Wn.2d at 416 (Chambers, J., concurring)). The Washington Supreme Court directs lower courts "not to apply the doctrine to tort remedies 'unless and until this court has, based upon considerations of common sense, justice, policy and precedent, decided otherwise.'" *Id.* (quoting *Eastwood*, 170 Wn.2d at 417 (Chambers, J., concurring)).

(Dkt. 41-1, ¶¶ 5.18, 5.32.)

Plaintiff also alleges defendants made misrepresentations knowing they did not intend to comply with the terms of the agreements. (Dkt. 41-1, ¶¶ 5.16, 5.30.) Both Washington and Florida law provide that such misrepresentation of a speaker's state of mind satisfies the "existing fact" requirement. *See Beckendorf v. Beckendorf*, 76 Wash. 2d 457, 462-63, 457 P.2d 603 (1969) ("[W]hile a mere unfulfilled promise cannot constitute fraud, a promise made with no intention of keeping it is a 'misrepresentation of an existing fact' – the speaker's state of mind – and may be the basis of an action in fraud if the other elements are present."); *Markov v. ABC Transfer & Storage Co.*, 76 Wn.2d 388, 396, 457 P.2d 535 (1969) (future promises may be actionable as misrepresentations where "made for the purpose of deceiving and with no intention to perform," or "made without care or concern whether it will be kept."); and *Wadlington v. Cont'l Med. Servs.*, 907 So. 2d 631, 632-33 (Fla. Dist. Ct. App. 2005) ("An exception to th[e] general rule [requiring an existing fact] is that 'where the promise to perform a material matter in the future is made without any intention of performing or made with the positive intention not to perform' a cause of action for fraud may proceed to a jury.") (quoted case omitted). Defendants, for this reason and for the reasons stated above, fail to demonstrate futility in the proposed amendments.

///
///
///
///
///
///
///

## CONCLUSION

Plaintiff's Motion for Leave to Amend Complaint (Dkt. 41) is GRANTED. The Clerk is directed to lodge the First Amended Complaint (Dkt. 41-1) on the docket, and to send a copy of this Order to the parties.

DATED this 17th day of April, 2018.

Mary Alice Theiler
United States Magistrate Judge